UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MOISES VELEZ-CARRERO,

    Petitioner

v.                                              Civ. No. 98-1700(PG)
                                                (Cr. No. 94-199(PG))
UNITED STATES OF AMERICA,

    Respondent

## OPINION AND ORDER

Now before the Court is the U.S. Magistrate Judge's report and recommendation concerning petitioner, Moisés Vélez Carrero's motion to vacate sentence under 28 U.S.C. § 2241(c)(3)[1] (Docket #5). Petitioner filed his traverse to the report and recommendation (Docket #6).

Petitioner raises several arguments. First, he alleges that his sentence was erroneously enhanced on the basis of his prior convictions in Puerto Rico and cites in support thereof the case of United States v. Collado, 106 F.3d 1097 (2nd Cir. 1997). Second, he contends that "the term 'offense statutory maximum' in U.S.S.G. § 4B1.1 means the statutory maximum prior to any enhancement based on prior criminal record." Third, he seems to challenge the legality of his prior state convictions.

---

[1]The U.S. Magistrate Judge correctly considered the petition as though made under 28 U.S.C. § 2255.

Civ. No. 98-1700(PG)                                                      2.

### Background

Petitioner pled guilty to count one of the indictment, which charged a violation of 21 U.S.C. §§ 846 and 841(a)(1). Based on U.S.S.G. 2D1.1 and the stipulated amount of cocaine, a base offense level of 24 was determined. A three-level decrease was made to the offense pursuant to section 3E1.1B for acceptance of responsibility. No other guidelines adjustments were made. With a total offense level of 21 and a criminal history category of four, the guidelines imprisonment range for petitioner's offense was from 57 to 71 months, a fine range of $7,500 to $1,000,000 plus a term of supervised release of three to five years. He was sentenced at the upper end of the guidelines range.

### Discussion

Petitioner's sentence was not enhanced pursuant to 21 U.S.C. § 841(b((1)(A) based on prior state convictions. The case of United States v. Collado, supra, cited by petitioner, is inapplicable to the facts of this case. Moreover, even if applicable, it was overruled by United States v Ortiz, 143 F.3d 728 (2nd Cir. 1998).

Vélez Carrero's prior state sentences were used to calculate his criminal history category. The Sentencing Guidelines require a court to count prior sentences when calculating a defendant's criminal history category. See U.S.S.G. §§ 4A1.1, 4A1.2; United States v. Morillo, 178 F.3d 18 (1st Cir. 1999). The term "prior sentence" is

Civ. No. 98-1700(PG)                                                              3.

defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial or plea of nolo contendere, for conduct not part of the instant offense. U.S.S.G. § 4A1.2(a)(1). Petitioner's prior state sentences were properly taken into account in determining his criminal history category.

Petitioner's second argument can be summarily dismissed for the career offender guideline, Section 4B1.1, was also not applicable to his case.

Petitioner's final argument runs the same path as the previous one. Prior state court convictions used in calculating a defendant's criminal history category cannot be collaterally attacked except as respects the appointment of counsel. See United States v. Burke, 67 F.3d 1 (1st Cir. 1995); United States v. Field, 39 F.3d 15, 18-19 (1st Cir. 1994) (defendant not permitted to collaterally attack prior state court conviction offered as a predicate for another sentence notwithstanding the absence of any means to attack it either in state court or on federal habeas corpus review), cert. denied, 514 U.S. 1088 (1945); United States v. Isaacs, 14 F.3d 106 (1st Cir. 1994).

AO 72A
(Rev.8/82)

Civ. No. 98-1700(PG) 4.

In view of the above, the Court hereby **APPROVES AND ADOPTS** the magistrate judge's report and recommendation and in accordance therein Vélez Carrero's petition is hereby **DISMISSED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October _19_, 1999.

JUAN M. PEREZ-GIMENEZ
U. S. District Judge

AO 72A
(Rev.8/82)